UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK GARGIULO & SON PRODUCE,<br><br>Plaintiff,<br><br>v.<br><br>MONCHYS RAHWAY NJ, LLC, HUGO O. LADINO, CESAR A. LADINO CARDONA, DIANA C. MURILLO QUICENO and DIEGO A. DIOSA,<br><br>Defendants. | Civil Action No.: 22-05743 (JXN) (MAH)<br><br>**MEMORANDUM ORDER** |

**NEALS**, District Judge

**THIS MATTER** comes before the Court upon Plaintiff Frank Gargiulo & Son, Inc. D/B/A Gargiulo Produce's ("Plaintiff") unopposed motion to vacate the default judgment entered in its favor against Defendants Monchy's Rahway NJ, LLC, Hugo O. Ladino, Cesar A. Ladino Cardona, Diana C. Murillo Quiceno and Diego A. Diosa (collectively "Defendants") on December 30, 2022, pursuant to Fed. R. Civ. P. 60(b). (ECF No. 39.) The Court has carefully considered Plaintiff's submissions (ECF Nos. 39, 44, 45) and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the motion is **GRANTED**.

1. Plaintiff commenced this action by the filing of a complaint on September 27, 2022, pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499e(c)(5) *et seq*. ("PACA"). *(See generally* Complaint ("Compl."), ECF No. 1.)

2. Defendant Monchy's Rahway NJ, LLC, was personally served with the Complaint on October 3, 2022. Defendants Hugo O. Ladino, Cesar A. Ladino Cardona, Diana C. Murillo Quiceno, and Diego A. Diosa were served on October 5, 2022, and October 6, 2022. Defendants have never appeared in this action.

3. On October 31, 2022, after none of the Defendants responded to the Complaint, Plaintiff requested an entry of default against Defendants (ECF No.26), which the Clerk of the Court granted on November 2, 2022.

4. On December 21, 2022, Plaintiff moved for default judgment against Defendants for a sum certain of $22,185.20 plus interest in the amount of $5,514.09 through December 19, 2022, and $3,294.10 in costs. (ECF No. 33.) Plaintiff's motion was granted on December 30, 2022, by the Clerk of the Court, and judgment in the requested amount was entered against Defendants. (ECF No. 34.)

5. On December 8, 2023, Plaintiff moved to vacate the default judgment entered in its favor and against Defendants pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 39.)

6. Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed R. Civ. P. 55(c). Rule 60(b), in turn, provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" if, among other reasons, (1) it flows from a "mistake, inadvertence, surprise, or excusable neglect," (2) "the judgment is void," or (3) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (4), (6). In deciding a motion to vacate a default judgment, "a standard of 'liberality,' rather than 'strictness' should be applied ... and ... '[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir.

1976) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245-46 (3d Cir. 1951)). The Third Circuit has consistently "emphasiz[ed] the extreme nature of a ... default judgment," and has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 137 (3d Cir. 2017) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1994); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ). In fact, the Third Circuit has expressly stated that it "does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987).

7. In its motion papers, Plaintiff acknowledges that PACA jurisdictional requirements in this case may not have been satisfied, and therefore, the judgment by default entered against Defendants should be vacated.[1] (*See* ECF No. 45 at *2-3.) Further, Plaintiff contends that "Defendants, who never sought to open or strike the judgment and, as a default judgment," will not be prejudiced by granting this motion. (*See id*. at *3.) The Court Agrees. Accordingly,

**IT IS** on this 16th day of July 2024,

**ORDERED** that Plaintiff's motion to vacate default judgment (ECF No. 39) is **GRANTED**; it is further

**ORDERED** that the Clerk of the Court's entry of default, dated November 2, 2022, is **VACATED**; it is further

**ORDERED** that the Clerk of the Court's entry of judgment by default, dated December 30, 2022, (ECF No. 34) is **VACATED**; it is further

**ORDERED** that the Clerk of the Court shall **REOPEN** this action; and it is further

---

[1] In addition to moving to vacate the judgment by default entered against Defendants on December 30, 2022, Plaintiff asks that it be permitted to withdraw the case voluntarily. (*See id*. at *3.)

**ORDERED** that pursuant to Plaintiff's request for additional relief as part of the motion to vacate, Plaintiff move to withdraw this case in accordance with the Federal Rules thirty days of the date of this Order.

_____
**JULIEN XAVIER NEALS**
**United States District Judge**